2020 IL App (1st) 191792-U

No. 1-19-1792

Order filed May 11, 2020

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| JOHN PLAIR, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 M1 40341 |
| | ) | |
| VERONICA LECOURE, | ) | Honorable |
| | ) | Martin Paul Moltz, |
| Defendant-Appellee. | ) | Judge, presiding. |

PRESIDING JUSTICE GRIFFIN delivered the judgment of the court.
Justices Hyman and Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the trial court's judgment where plaintiff's brief is insufficient to ascertain his claims and he has failed to furnish a sufficient record such that error can be determined.

¶ 2    Plaintiff John Plair appeals *pro se* from the trial court's entry of judgment following trial in favor of defendant Veronica Lecoure. On appeal, plaintiff contends that the trial court erred in finding that defendant did not have to repay a loan when defendant acknowledged the existence of the loan and made a partial repayment. We affirm.

¶ 3    The record on appeal does not contain a report of the trial court proceedings. However, the following facts can be gleaned from the limited common law record, which includes plaintiff's *pro se* complaint, the trial court's order entered after trial, and a bystander's report certified by the trial court at plaintiff's request. See Ill. S. Ct. R. 323(c) (eff. July 1, 2017).

¶ 4    On July 18, 2019, plaintiff filed a *pro se* complaint in the circuit court seeking $1600 from defendant. Plaintiff alleged that he had loaned defendant $2000 and only $400 had been repaid.

¶ 5    The case proceeded to a bench trial on September 3, 2019. According to the bystander's report, defendant admitted that plaintiff loaned her money to pay for her mother's funeral and that she had repaid $400. The court then "explained" to plaintiff that because there was no written loan agreement nor a time set for repayment, and because defendant claimed "hardship," she did not have to repay the loan. The trial court's order stated that judgment was entered in favor of defendant following trial. Plaintiff filed a timely *pro se* notice of appeal.

¶ 6    On February 26, 2020, this court entered an order taking the case on plaintiff's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 7    On appeal, plaintiff contends that the trial court erred when it entered judgment in favor of defendant because she acknowledged the existence of the loan and made a partial repayment.

¶ 8    As a preliminary matter, we note that our review of plaintiff's appeal is hindered by his failure to fully comply with Illinois Supreme Court Rule 341 (eff. May 28, 2018), which "governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Although plaintiff is a *pro se* litigant, this status does not lessen his burden on appeal. "In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st)

110287, ¶ 78. Rule 341(h) provides that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment," and an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. May 28, 2018). Pursuant to the rule, a reviewing court is entitled to have issues clearly defined with "cohesive arguments" presented and pertinent authority cited. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 9     Here, although plaintiff used in part a form approved by the Illinois Supreme Court when filing his brief, he provides no citations to the record and has failed to articulate a legal argument which would allow a meaningful review of his claims. An appellant is required to cite to the pages and volumes of the record on appeal upon which he relies "so that we are able to assess whether the facts which [the appellant] presents are accurate and a fair portrayal of the events in this case." *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 58; see also Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). In the case at bar, the majority of the fact section of plaintiff's brief is a narrative of the case from his perspective. Moreover, although plaintiff cites several cases and statutes, he fails to identify facts and pertinent legal authority to support his arguments on appeal. See *People v. Hood*, 210 Ill. App. 3d 743, 746 (1991) ("A reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository into which the appealing party may dump the burden of argument and research."). "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43.

¶ 10    Considering the content of plaintiff's brief, it would be within our discretion to dismiss the instant appeal. See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005) ("Where an appellant's brief fails to comply with supreme court rules, this court has the inherent authority to dismiss the appeal."). However, because the issues in this case are simple and plaintiff made an effort to present his appeal by use of the approved form brief, we choose not to dismiss the appeal on that ground. See *Harvey v. Carponelli*, 117 Ill. App. 3d 448, 451 (1983).

¶ 11    That said, the deficiencies in the record still prevent us from reaching this appeal on the merits. On appeal, the appellant, in this case plaintiff, has the burden to provide a complete record for review in the appellate court to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). If no such record is provided, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392. This is because, in order to determine whether there was actually an error, a reviewing court must have a record before it to review. *Id.*

¶ 12    Here, although the record reveals that a trial was held on September 3, 2019, and the record contains a certified bystander's report (see Ill. S. Ct. R. 323(c) (eff. July 1, 2017)), the rudimentary nature of the bystander's report leaves this court unable to determine what arguments or testimony were presented to the trial court, the evidence admitted or excluded at trial, or the manner in which the trial court determined that defendant did not have to repay the loan. Under these circumstances, we must presume that the court acted in conformity with the law and ruled properly after considering the evidence before it at trial. *Corral v. Mervis Industries*, *Inc.*, 217 Ill. 2d 144, 156-57 (2005). We therefore have no basis for disturbing the trial court's judgment. *Foutch*, 99 Ill. 2d at 391-92.

¶ 13    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 14    Affirmed.